PER CURIAM.
Jimmie Carlos Robinson appeals his conviction for two counts of grand theft under section 812.014(2)(c)l, Florida Statutes *689 (1996). He was convicted for submitting two fraudulent claims to his insurance company. We affirm.
The prosecutor’s use of the phrase “scheme to defraud and steal from Colonial Insurance Company,” in his opening statement and closing argument, was proper to argue the intent element of the theft crime. It was permissible for the prosecutor to present his theory of this intent element by using the common word “scheme.” The use of the word “scheme” does not necessarily mean that the State was attempting to implicate Robinson for a crime he was not charged with.
The prosecutor’s comments • were not unfairly prejudicial. ‘Wide latitude is permitted in arguing to a jury.” Breedlove v. State, 413 So.2d 1, 8 (Fla.1982). “Logical inferences may be drawn, and counsel is allowed to advance all legitimate arguments.” Id. “The control of comments is within the trial court’s discretion, and an appellate court will not interfere unless an abuse of such discretion is shown.” Id. There was no abuse of discretion in this ease. The prosecutor’s comments were a permissible inference of Robinson’s scheme or plan to steal from Colonial Life Insurance. Hence, the prosecutor’s arguments were proper and Robinson was appropriately convicted of two counts of grand theft under section 812.014(2)(c)l, Florida Statutes (1996).